## D. Sinclair Co. v. Andrew E. Waddill.

1. PRACTICE—*Opening Statement—Discretion of the Court.*—The time at which the opening statement to the jury is to be made is within the sound discretion of the trial court, and its ruling in this respect can not be available as error in the Appellate Court unless such discretion has been abused to the prejudice of the party complaining.

2. EMPLOYER AND EMPLOYE—*Rights of the Employes—Construction of Scaffolds, etc.*—An employe has the right to assume that his employer will use reasonable care in the construction of scaffolds and like structures, to have them of sufficient strength to bear all the materials they are designed to bear, and that he will not overload them so as to cause them to break and fall, while employes are at work upon them.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Coles County; the Hon. FRANK K. DUNN, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed December 10, 1901.

F. J. CANTY and J. A. BLOOMINGSTON, attorneys for appellant.

JAMES W. & EDWARD C. CRAIG, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was a suit by appellee against appellant for negligently causing injuries to the former while he was in the service of appellant. The trial by jury ended in a verdict and judgment against appellant for $1,000, and it is sought by this appeal to reverse the same in consequence of alleged errors of the trial court, because it improperly ruled, as it is urged, upon the admission of evidence, misdirected the jury and gave improper instructions, the damages are excessive, and also that the court refused to permit the counsel for appellant to make the opening statement to the jury at the close of the evidence for the appellee. It is also argued that the verdict is against the evidence of the case. We are not of the opinion any prejudicial error occurred in the ruling of the court upon the evidence, nor in its instructions to the jury, either given or refused. Upon the whole, we find the jury were fairly and well instructed upon all the material issues of the case. In respect to the opening statement to the jury, appellant was afforded an opportunity to make the same, according to the usual practice, following the statement of appellee, and it having declined to avail itself of such privilege, there is no reasonable ground upon which it can now complain. The time at which the opening statement to the jury should be made is within the sound discretion of the

trial court, and its ruling in that respect can not be available as error in this court, unless such discretion has been abused to the prejudice of the party complaining, and this is not apparent in this case. So far as we can see from the record, appellant refused to make such statement, without any sufficient reason, at the time the trial court required it to be done. Litigants have no right captiously to disregard the directions of the trial judge respecting the proper decorum of the trial, and then say they have been deprived of the usual privileges incident to a trial by jury. Were we to consider such matters as serious error, the trial court would thereby be subordinated to the whims and caprices of the parties, and its authority brought into disrespect. Such a practice ought not to be encouraged.

It is insisted the verdict is not supported by the evidence. The additional counts of the declaration, upon which the trial alone was had, and upon which the verdict of the jury is based, are to the effect that appellant was the builder of concrete bridges upon a railroad, and appellee was employed by it in such work, and while so employed it was his duty as a carpenter to assist in the construction of a house for the storing of cement along the grade of the railroad, under the orders and directions of the defendant, and while so employed appellee was directed to go upon the top of the structure and there complete the roof thereon, and while there the appellant negligently caused cement to be placed within such structure of sufficient quantity and weight to cause it to break and fall down, and thereby injure appellee, whereby his arm was broken and other injuries incurred.

We are of the opinion the evidence clearly proves the substance of the additional counts of the declaration. The appellee was directed by appellant's foreman to do the work in which he was engaged at the time he was injured, and it was clearly its duty to refrain from any act, while appellee was on the roof of the house, that would cause the fall thereof. Appellant was charged with the duty of providing appellee a safe place to work, and to use reasonable care

to avoid injuring him while so engaged. It is plain from all the evidence in the case, that the structure was insufficient to bear the weight of the bags of cement that were placed in it while appellee was upon the roof, and this by the exercise of common care and foresight the master would know. It is no excuse to argue, as has been done, that appellee assisted, or made the structure himself, and should have known its weakness. It was made under the direction of appellant's foreman, and according to his instructions. Appellee was not a party to, nor assisting in the work of placing the bags of cement in the house, the weight of which caused the building to break and fall while he was upon the aoof. Others had been directed by the foreman to do this work, while appellee was directed to go upon the roof for another purpose, and the latter was not a fellow-servant of the others in the particular business then in hand. Appellee had the right to assume that the master would use reasonable care to construct a building of sufficient strength to bear all the cement he designed it to hold, and that he would not overload it, so as to cause the building to break and fall, while appellee was yet working upon it. The building did not have adequate strength to uphold the weight the foreman directed to be placed upon it. In these respects the master was negligent and at fault. The negligence or fault of the master is not one of the hazards the servant assumes, and the argument to the contrary has no reason or authority in support of it. We are not impressed that the jury were misled or prejudiced in any way by the remarks of counsel of which complaint is made, nor are the damages excessive.

Finding no reversible error the judgment of the Circuit Court will be affirmed.